ACCEPTED
15-24-00095-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/13/2025 9:22 AM
CHRISTOPHER A. PRINE
CLERK

NO. 15-24-00095-CV

IN THE COURT OF APPEALS
FOR THE FIFTEENTH JUDICIAL DISTRICT
AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
3/13/2025 9:22:02 AM
CHRISTOPHER A. PRINE
Clerk

EDWARD RANDOLPH TURNBULL IV,
*Appellant*,

v.

THE COMMISSION FOR LAWYER DISCIPLINE, ET AL.,
*Appellees*.

On Appeal from the 201st Judicial District Court of Texas
Cause No. D-1-GN-24-002025
The Honorable Amy Clark Meachum, Presiding

**APPELLANT'S UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED REPLY TO APPELLEES' BRIEFS**

GAINES WEST
State Bar No. 21197500
gaines.west@westwebblaw.com
JOHN "JAY" RUDINGER, JR.
State Bar No. 24067852
jay.rudinger@westwebblaw.com

WEST, WEBB, ALLBRITTON & GENTRY, P.C.
1515 Emerald Plaza
College Station, Texas 77845
Telephone: (979) 694-7000

JUDD E. STONE II
State Bar No. 24076720
judd@stonehilton.com

STONE HILTON PLLC
600 Congress Avenue, Suite 2350
Austin, Texas 7870
Telephone: (737) 465-3897

**ATTORNEYS FOR APPELLANT**

**TO THE HONORABLE FIFTEENTH COURT OF APPEALS:**

Appellant Edward Randolph Turnbull IV ("Appellant" or "Mr. Turnbull") asks the Court to enter an Order Granting Leave for Appellant to file his Amended Reply Brief to Appellees' Briefs.

1.     Appellant files this Unopposed Motion for Leave and respectfully requests the Court to enter an order granting leave for Appellant to file his Amended Reply Brief to Appellees' Briefs.  A true and correct copy of the Amended Reply Brief to Appellees' Briefs is attached hereto and incorporated herein as Exhibit 1.

2.     On March 10, 2025, Appellant filed his Reply Brief to Appellees' Briefs.  Appellant's original Reply Brief included a typographical error in the Table of Contents and in the section title for Section III(B), which inadvertently changed the posture of the title. This request is not intended to delay and does not prejudice Appellees in this matter.

3.     Accordingly, Appellant seeks leave to file his Amended Reply Brief to Appellees' Briefs for the above stated reason and so that justice may be done.

## **<u>PRAYER</u>**

For the foregoing reasons, Appellant respectfully requests that this Court grant his Unopposed Motion for Leave to file the Amended Reply Brief to Appellees' Briefs and grant Appellant all such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

**WEST, WEBB, ALLBRITTON & GENTRY, P.C.**
1515 Emerald Plaza
College Station, Texas 77845
Telephone: (979) 694-7000

By:     */s Gaines West*
         GAINES WEST
         State Bar No. 21197500
         gaines.west@westwebblaw.com
         JOHN "JAY" RUDINGER, JR.
         State Bar No. 24067852
         jay.rudinger@westwebblaw.com

         ~ AND ~
         JUDD E. STONE II
         State Bar No. 24076720
         judd@stonehilton.com
         **STONE HILTON PLLC**
         600 Congress Avenue, Suite 2350
         Austin, Texas 7870
         Telephone: (737) 465-3897

**ATTORNEYS FOR APPELLANT**

## CERTIFICATE OF CONFERENCE

I hereby certify that Appellant's counsel conferred with Appellee's counsel via e-mail on March 12, 2025, regarding Appellant's Motion for Leave and the Appellee's counsel has stated that they are unopposed to this motion.

                    */s/ Gaines West*
                    Gaines West
                    Attorney for Appellant

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing document has been served on the following counsel of record on March 13, 2025

Daniel J. Olds                                *Via E-File*
CLARK HILL PLC
901 Main Street, Suite 6000
Dallas, Texas 75202
dolds@clarkhill.com

Patrick W. Mizell                          *Via E-File*
VINSON & ELKINS LLP
845 Texas Avenue, Suite 4700
Houston, Texas 77002
pmizell@velaw.com

Royce LeMoine                            *Via E-File*
STATE BAR OF TEXAS
P.O. Box 12487, Capitol Station
Austin, Texas 78711
royce.lemoine@texasbar.com

**ATTORNEYS FOR APPELLEES**

*/s Gaines West*
GAINES WEST

# EXHIBIT A

NO. 15-24-00095-CV

IN THE COURT OF APPEALS
FOR THE FIFTEENTH JUDICIAL DISTRICT
AUSTIN, TEXAS

EDWARD RANDOLPH TURNBULL IV,
*Appellant*,

v.

THE COMMISSION FOR LAWYER DISCIPLINE, ET AL.,
*Appellees*.

On Appeal from the 201st Judicial District Court of Texas
Cause No. D-1-GN-24-002025
The Honorable Amy Clark Meachum, Presiding

## APPELLANT'S AMENDED REPLY TO APPELLEES' BRIEFS

GAINES WEST
State Bar No. 21197500
gaines.west@westwebblaw.com
JOHN "JAY" RUDINGER, JR.
State Bar No. 24067852
jay.rudinger@westwebblaw.com

WEST, WEBB, ALLBRITTON & GENTRY, P.C.
1515 Emerald Plaza
College Station, Texas 77845
Telephone: (979) 694-7000

JUDD E. STONE II
State Bar No. 24076720
judd@stonehilton.com

STONE HILTON PLLC
600 Congress Avenue, Suite 2350
Austin, Texas 7870
Telephone: (737) 465-3897

**ATTORNEYS FOR APPELLANT**

i

# RECORD REFERENCES

For clarity and the Court's convenience, Mr. Turnbull will reference the Clerk's Record and Appellees' briefs as follows:

| **Document** | **Reference** |
|---|---|
| Clerk's Record | CR \_\_\_\_ |
| Brief of Appellee Hodgkins | Hodgkins Br. \_\_\_\_ |
| Brief of Appellees CFLD, CDC, Kates, Brannon, Grosz, and Martinez | CFLD Br. \_\_\_\_ |
| Brief of State Bar Appellees | SBA Br. \_\_\_\_ |

**TABLE OF CONTENTS**

Page

Record References ............................................................................. ii

Table of Contents ............................................................................. iii

Table of Authorities.......................................................................... v

Summary of the Facts ...................................................................... 1

Introduction ..................................................................................... 4

Argument ......................................................................................... 6

    I.     Mr. Turnbull Has Established Standing ................................... 6

         A. Mr. Turnbull's injuries are neither speculative nor
            based on prosecutorial discretion ......................................... 6

         B. Mr. Turnbull complains solely of Appellee's conduct ......... 7

         C. Maintaining suit is Mr. Turnbull's only means of redress…10

         D. Appellees misplace reliance on Linda R.S., Martinez
            and Lefebure.................................................................. 12

    II.    Mr. Turnbull's Claims Are Based in Both Law and Fact ........ 16

         A. A reasonable person could believe Mr. Turnbull's
            allegations.................................................................... 16

         B. Mr. Turnbull's claims are not legally foreclosed ................ 18

    III.   Immunity Does Not Bar Mr. Turnbull's Claims ...................... 20

         A. The Legislature waived immunity in the State Bar Act...... 21

         B. Sovereign immunity does not bar injunctive relief
            against constitutional harms............................................... 22

C. Ministerial acts are not protected by absolute immunity ................................................................... 23

D. Appellees are not entitled to immunity under the Texas Rules of Disciplinary Conduct ............................................. 24

IV. Alternatively, Mr. Turnbull should have the opportunity to replead ........................................................................ 26

Conclusion & Prayer for Relief ................................................... 27

Certificate of Service ................................................................... 30

Certificate of Compliance ............................................................ 30

# TABLE OF AUTHORITIES

*Apollo Enters., Inc. v. ScripNet, Inc.*,
301 S.W.3d 848 (Tex. App.—Austin 2009, no pet.) ................................6, 8

*Bacon v. Tex. Historical Comm'n*,
411 S.W.3d 161 (Tex. App.—Austin 2013, no pet.) ................................25

*Ballantyne v. Champion Builders, Inc.*,
144 S.W.3d 417 (Tex. 2004) ....................................................................23

City *of Elsa v. M.A.L.*,
226 S.W.3d 390 (Tex. 2007) ....................................................................11

*Crampton v. Farris*,
596 S.W.3d 267 (Tex. App.—Houston [1st Dist.] 2019, no pet.)…………..24

*DaimlerChrysler Corp. v. Inman*,
252 S.W.3d 229 (Tex. 2008) ....................................................................27

*Davis v. Homeowners of Am. Ins. Co.*,
No. 05-21-00092-CV, 2023 WL 3735115
(Tex. App.—Dallas May 31, 2023, no pet.) ................................................17

*Drake v. Walker*,
No. 05-14-00355-CV, 2015 WL 2160565
(Tex. App.—Dallas May 8, 2015, no pet.) (mem. op.) ...............................17

*Duke Power Co. v. Carolina Environmental Study Group, Inc.*,
438 U.S. 59 (1978) ...................................................................................13

*Heckman v. Williamson Cnty.*,
369 S.W.3d 137 (Tex. 2012) ...................................................6, 8, 9, 10, 11

*In re Nolo Press/Folk Law, Inc.*,
991 S.W.2d 768 (Tex. 1999) ......................................................................4

*In re RNDC Tex., LLC*,
No. 05-18-00555-CV, 2018 WL 27773262
(Tex. App.—Dallas June 11, 2018, no pet.) (mem. op.) ............................18

v

*In re Shire PLC*,
    633 S.W.3d 1 (Tex. App.—Texarkana 2021,
    orig. proceeding [mand. denied]) ...................................................................18

*Johnson v. Lynaugh*,
    796 S.W.2d 705 (Tex. 1990) (per curiam) ...................................................16

*Klumb v. Houston Mun. Emp. Pension Sys.*,
    458 S.W.3d 1 (Tex. 2015) .............................................................................22

*Lefebure v. D'Aquilla*,
    15 F.4th 650 (5th Cir. 2021) ...................................................12, 14, 15, 16

*Linda R.S. v. Richard D.*,
    410 U.S. 614 (1973) ...........................................................12, 13, 14, 15, 16

*Longhorn Creek Ltd. v. Gardens of Connemara Ltd.*,
    686 S.W.3d 418 (Tex. App.—Dallas 2024, pet. filed) ...........................16, 18

*Martinez v. State Bar of Tex.*,
    797 Fed. Appx. 167 (5th Cir. 2020) ...........................................12, 13, 14, 16

*McGregor v. Clawson*,
    506 S.W.2d 922 (Tex. Civ. App.—Waco 1974, no writ) ...............................5

*Tex. A&M Univ. Sys. v. Koseoglu*,
    233 S.W.3d 840 (Tex. 2007) ...................................................................26, 27

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.*,
    852 S.W.2d 440 (Tex. 1993) ...........................................................................5

*Tex. Dep't of State Health Servs. v. Holmes*,
    294 S.W.3d 328 (Tex. App.—Austin 2009, pet. denied) .............................22

*Tex. Dep't of Parks & Wildlife v. Miranda*,
    133 S.W.3d 217 (Tex. 2004) .........................................................................20

*Tex. Dep't of Transp. v. Sefzik*,
    355 S.W.3d 618 (Tex. 2011) .........................................................................26

*Tex. Nat'l Conservation Comm'n v. IT-Davy,*
    74 S.W.3d 849 (Tex. 2002) ........................................................21, 22

*Tex. Parks & Wildlife Dep't v. Sawyer Trust,*
    354 S.W.3d 384 (Tex. 2011) ...........................................................20

*Univ. of Houston v. Clark,*
    38 S.W.3d 578 (Tex. 2000) .............................................................23

*Univ. of Tex. Med. Branch at Galveston v. York,*
    871 S.W.2d 175 (Tex. 1994) ...........................................................21

*Wooley v. Schaffer,*
    447 S.W.3d 71 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)........16

**Statutes and Constitutions:**

Tex. Const. art. I § 3.......................................................................19
Tex. Const. art. I § 13.....................................................................20
Tex. Const. art. I § 19.....................................................................19
Tex. Const. art. V, § 1 .....................................................................4
Tex. Gov't Code § 81.017(b)...........................................................21
Tex. Gov't Code § 81.072(b)(2) ...........................................*in passim*
Tex. Gov't Code § 81.073 ...............................................................23
Tex. Gov't Code § 81.106................................................................21
Tex. Gov't Code § 81.107(a) ..........................................................21
Tex. Gov't Code § 311.034 .............................................................21
Tex. R. Civ. P. 91a.1 ................................................................16, 18
Tex. R. Disciplinary P. 1.06(W) .....................................................25
Tex. R. Disciplinary P. 2.12 ...........................................................25
Tex. R. Disciplinary P. 17.09 ...................................................24, 25

**Other Sources:**

Chief Justice James Blacklock, STATE OF THE JUDICIARY,
    https://www.youtube.com/watch?v=MRsf5Vz4M-c (Feb. 26, 2025)........12

**TO THE HONORABLE FIFTEENTH COURT OF APPEALS:**

Appellant Edward Randolph Turnbull IV ("Appellant" or "Mr. Turnbull") respectfully submits this amended reply brief in support of his appeal from the trial court's orders dismissing his claims. Appellees' response briefs fail to refute Mr. Turnbull's standing to maintain suit or demonstrate that Appellees are entitled to immunity as to any of his claims. For the reasons Mr. Turnbull discussed in his opening brief and those addressed below, the trial court's orders should be reversed.

## SUMMARY OF THE FACTS

Mr. Turnbull is a criminal defense attorney from Houston. CR 9. He and his law firm, Turnbull Legal Group ("TLG"), represent defendants charged with crimes in courts across Texas. *Id*. For several years, TLG subscribed to Microsoft Corporation's OneDrive cloud service to store important documents and data, including case-critical attorney work product and discovery received from the State. *Id.*

In October 2019, without prior notice or any warning, Microsoft denied TLG access to *all* data that had been stored on its OneDrive account and remotely removed *all* of TLG's data from its in-office computer hard drive. CR 9–10. This devastated Mr. Turnbull's ability to serve his clients. *Id.* After almost three weeks of non-responsive replies from Microsoft, Mr. Turnbull and TLG filed suit and obtained a temporary restraining order against Microsoft. CR 10.

1

In retaliation for Mr. Turnbull's pursuit of civil recourse against Microsoft, for its improper denial and remote seizure of TLG's data and subsequent refusal to return the data, Microsoft took a series of actions that affect Mr. Turnbull and TLG's staff and attorneys to this day. First, Microsoft's attorneys threatened Mr. Turnbull with criminal charges and bar complaints and threatened to file public pleadings claiming Mr. Turnbull possessed and publicized child pornography. CR 13–14. Next, Microsoft's attorneys filed publicly accessible pleadings containing those false and baseless allegations, claiming that Mr. Turnbull shared or made public images of child exploitation imagery, and that those images were being preserved for a criminal investigation and bar complaint. *Id.* Microsoft's attorneys did so despite knowing that those allegations were patently false, that the disputed OneDrive data was unknowingly received by TLG from state prosecutors in the ordinary course of discovery as part of a 3000+ page "phone dump", and the data did not contain any illegal images. CR 11.

In addition, to date (and more than five years later), Microsoft and their attorneys have repeatedly refused to communicate and correct erroneous and knowingly false reports Microsoft made to the National Center for Missing and Exploited Children (NCMEC) claiming that Mr. Turnbull and TLG's staff and attorneys possessed and publicized child pornography. CR 16–17. Consequently, those false reports remain with the federal and state agencies NCMEC regularly

2

shares information with, including the Federal Bureau of Investigation, Immigration and Customs, the Postal Inspection Service, and the Secret Service. *Id.*

This egregious campaign violated multiple provisions of the Texas Disciplinary Rules of Professional Conduct ("TDRPC"). In February 2021, Mr. Turnbull turned to the State Bar of Texas ("State Bar"), comprised of the Board of Directors, the Commission for Lawyer Discipline ("CFLD"), the Board of Disciplinary Appeals ("BODA"), the Office of the Chief Disciplinary Counsel ("CDC"), and other State Bar staff to report Microsoft's attorneys' professional misconduct. Mr. Turnbull filed grievances with the CDC demonstrating that Microsoft's attorneys violated Texas's disciplinary rules.

There were various administrative failures in how Appellees—including the CDC, various State Bar officials, and the CFLD—processed his grievances:

1. Mr. Turnbull's initial grievances were dismissed without a full explanation as to why they were dismissed, in contravention of Texas law;

2. The CDC dismissed Mr. Turnbull's grievances that Microsoft's attorneys misrepresented the truth and were dishonest in their pleadings filed with a court, but, less than one year later, the CDC instituted disciplinary petitions against Sydney Powell, Attorney General Ken

3

Paxton, and First Assistant Attorney General Brent Webster based on the exact same category of misconduct;

3. The CDC wrongly treated Mr. Turnbull's subsequent grievances, which alleged additional and distinct allegations of misconduct, as one collective grievance and dismissed them;

4. The CDC thereafter arbitrarily refused to accept Mr. Turnbull's amended grievances, in contravention of Texas law; and

5. The Assistant Disciplinary Counsel for the CDC who handled Mr. Turnbull's case failed to disclose a conflict of interest when he dismissed Mr. Turnbull's grievances (that he was previously employed by the firm that was representing Microsoft in the related bar proceedings Mr. Turnbull filed in the state of Washington) and discriminated against Mr. Turnbull based on his political views.

## INTRODUCTION

Under the Texas Constitution, the Supreme Court of Texas has the inherent authority to regulate the Texas judiciary, including the practice of law. *In re Nolo Press/Folk Law, Inc.*, 991 S.W.2d 768, 769 (Tex. 1999); TEX. CONST. ART. V, § 1. Working together with the Supreme Court, the Texas Legislature enacted the State Bar Act in 1939 and therein created the State Bar of Texas to address the "growing demand upon the part of the public and the lawyers of this State" for the regulation

4

and governance of the "legal profession and the professional conduct of attorneys." Act of Apr. 6, 1939, 46th Leg., R.S., ch. 1, 1939 Tex. Gen. Laws 64. As one Texas appellate court summarized:

> [T]he State Bar Act was intended to result in a new and comprehensive system regulating the practice of law in Texas. The intent and purpose of the Legislature was to provide for a full and comprehensive set of laws to cover completely the practice of law, and regulation of and disciplining of lawyers…The State Bar Act is purely a creature of statute, prescribing the machinery and procedure by which the State Bar has been empowered to bring and maintain [disciplinary proceedings]. But for the statute, the State Bar and [its subsidiaries] would have no existence.

*McGregor v. Clawson*, 506 S.W.2d 922, 928 (Tex. Civ. App.—Waco 1974, no writ) (internal citations omitted). The State Bar Act has been amended numerous times in its 86-year existence, including the addition of rights afforded to complainants. *See, e.g.,* TEX. GOV'T CODE § 81.072(b)(2) (entitling complainants to a "full explanation" upon dismissal of their complaint).

This case concerns Appellees' failure to protect complainants' rights. Their briefing, however, improperly shifts focus away from the actual legal issues before the Court. By bogging this litigation down in jurisdictional limbo, Appellees seek to prevent the merits of Mr. Turnbull's claims from ever being reached. Of course, no one disputes that subject matter jurisdiction is essential to the power of a court to decide the case, *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993), but that is no obstacle to the full airing of Mr. Turnbull's claims. He

5

affirmatively established standing and his claims are not barred by immunity. The district court erred in finding otherwise.

**ARGUMENT**

**I. Mr. Turnbull Has Established Standing.**

Standing is an inherent part of subject matter jurisdiction, and in determining whether the plaintiff has established standing, the court must "construe the pleadings in favor of the ***plaintiff*** and look to the ***pleader's intent***." *Id.* at 446 (emphasis added). In each of their briefs, Appellees ignore this fundamental principle of Texas jurisprudence and, instead mischaracterize Mr. Turnbull's claims as failure-to-prosecute claims rather than the stated basis of his claims: Appellees' refusal to follow their statutorily mandated authority and intentional discrimination against Mr. Turnbull. Both have led Mr. Turnbull to suffer legally cognizable injuries that can be redressed by the relief that he has sought.

**A. Mr. Turnbull's injuries are neither speculative nor based on prosecutorial discretion.**

To satisfy the first prong of standing, Mr. Turnbull must plead that he suffered some concrete, particularized, non-hypothetical injury. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 154–55 (Tex. 2012) (holding that constitutional harms are sufficient to satisfy the injury prong of standing). Mr. Turnbull did just that.

Appellees, as entities and actors within a legislatively created agency, are bound by the statute that created their existence—the State Bar Act. *See Apollo*

6

*Enters., Inc. v. ScripNet, Inc.*, 301 S.W.3d 848, 859 (Tex. App.—Austin 2009, no pet.). Accordingly, Appellees are bound to follow the Legislature's mandate in the State Bar Act that Appellees give complainants, like Mr. Turnbull, a "full explanation" upon the dismissal of their grievance. TEX. GOV'T CODE §§ 81.072(b)(2). It is from Appellees' refusal to follow their statutory and constitutional mandate that Mr. Turnbull suffered harm.

To get around this, Appellees again consistently mischaracterize Mr. Turnbull's claims as complaints about "nonprosecution." Hodgkins Br. 12; SBA Br. 11; CFLD Br. 40. Contrary to Appellees' assertion, however, Mr. Turnbull's Original Petition identified various, specific actions ***actually*** taken—or not taken—by Appellees that Mr. Turnbull alleges injured him. *See* CR 28 (Appellees "failed to provide a full and fair explanation"), 29 (Appellees "refused to act in an open and fair manner" and "acted arbitrarily because they have denied Mr. Turnbull the recommendation/reasoning for their determination that they would provide to other similarly situated complainants"), 30 (Appellees did not provide a "transparent disciplinary proceeding").

Importantly, ***nowhere*** in the above-outlined allegations did Mr. Turnbull complain of the prosecutorial outcome of his grievances. Rather, because Mr. Turnbull identified conduct actually taken by Appellees that violated his constitutional rights, Mr. Turnbull has satisfied the "injury" prong of standing.

**B. Mr. Turnbull complains solely of Appellees' conduct.**

To satisfy the second prong of standing, Mr. Turnbull must plead facts that trace his alleged injuries to the Appellees' conduct, as opposed to those of a third party. *Heckman*, 369 S.W.3d at 155. Mr. Turnbull did just that.

Appellees are required to follow the provisions of the State Bar Act and the Texas Constitution. *See Apollo Enters., Inc.*, 301 S.W.3d at 859. This includes Appellees' obligation to fully comply with the Legislature's mandate that complainants, like Mr. Turnbull, are given a "***full explanation***" upon the dismissal of their grievance. TEX. GOV'T CODE §§ 81.072(b)(2) (emphasis added).

To get around this, Appellees construe Mr. Turnbull's complaints as against Microsoft's attorneys rather than Appellees. *See, e.g.*, SBA Br. 15–16. Not so. Mr. Turnbull has alleged that: (i) ***Appellee Brannon*** failed to disclose his conflict of interest and subsequently told Mr. Turnbull that the CDC placed his grievances on the summary disposition docket [CR 19]; (ii) ***Appellee Baldwin*** informed Mr. Turnbull that the summary disposition panel dismissed his grievances [CR 20]; (iii) ***Appellee Reynolds*** informed Mr. Turnbull that the CDC denies Mr. Turnbull's public information request regarding his grievances and their dismissal [CR 20]; (iv) ***Appellee Grosz*** informed Mr. Turnbull that the CDC dismissed his new grievances [CR 22]; (v) ***Appellee Hodgkins*** informed Mr. Turnbull that BODA affirmed the dismissal of his grievances, told Mr. Turnbull that BODA's decision was final and

8

denied Mr. Turnbull his right to amend his grievances, in violation of the Texas Rules of Disciplinary Procedure ("TRDP") [CR 22]; (vi) *Appellee Martinez* returned Mr. Turnbull's amended grievances and informed Mr. Turnbull that he would not be permitted to amend or refile his grievances [CR 23]; and (vii) *Appellees CDC and CFLD*, including *Appellee Willing, Appellee Brannon, and Appellee Kates*, refused to provide Mr. Turnbull his statutory right to a "*full explanation*" as to why his grievances were dismissed and why Mr. Turnbull was denied his statutory right to amend or appeal his grievances, why he was intentionally treated differently than other similarly-situated complainants, and why the attorney discipline system was used to cloud in secrecy its arbitrary, capricious, and political decision making process [CR 25–27].

To be sure, the misconduct of Microsoft's attorneys brought Mr. Turnbull to Appellees in the first place. However, it is the conduct of Appellees—*not Microsoft's attorneys*—from whom Mr. Turnbull seeks relief. That brings this case squarely within *Heckman*'s reach. After all, in *Heckman*, the Supreme Court held that a breach in legislative duties is traceable to the state actor or agency responsible for carrying out that legislative duty. 369 S.W.3d at 157. Furthermore, the Supreme Court noted that the traceability prong of standing does not require the plaintiff to show exactly what responsibility the defendants bear for his alleged injuries but,

instead, only requires the plaintiff to show that his injuries are fairly traceable to the defendants. *Id.*

Appellees attempt to distinguish *Heckman*, claiming that any mandate by the Legislature in the State Bar Act applies only to the Supreme Court, not Appellees. *See, e.g.*, CFLD Br. 46. In other words, Appellees inexplicably advocate for Mr. Turnbull to file suit against the Supreme Court itself. *Id.* at 45. Nothing in Texas jurisprudence supports that strange outcome.

As the traceability prong of standing requires, Mr. Turnbull has identified the proper defendants because Mr. Turnbull has pointed to specific conduct taken by each Appellee that resulted in Mr. Turnbull's constitutional harm. As the Supreme Court stated in *Heckman*, whether or not Appellees bear ultimate responsibility for Mr. Turnbull's harms is irrelevant because Mr. Turnbull need not prevail on the merits of his claims at this stage of the litigation. *Heckman*, 369 S.W.3d at 157. Rather, Mr. Turnbull need only show that his injuries are fairly traceable to Appellees' conduct. *Id.* By identifying the specific and independent actions taken by each Appellee that violated their statutorily and constitutionally mandated duties, Mr. Turnbull has satisfied the traceability prong of standing.

## C. Maintaining suit is Mr. Turnbull's only means of redress.

To satisfy the final prong of standing, Mr. Turnbull need only prove that there is a "substantial likelihood" that his requested relief will remedy his alleged injury.

10

*Heckman*, 369 S.W.3d at 155–56 (holding that "mathematical certainty" is not required). The Supreme Court has repeatedly held that constitutional violations by the State may be remedied by injunctive relief. *Id*. at 158; City *of Elsa v. M.A.L.*, 226 S.W.3d 390, 391 (Tex. 2007). Mr. Turnbull did just that by requesting injunctive relief.

In *Heckman*, the Supreme Court held that because the plaintiff's requested injunction would "in some way" redress his alleged injuries, the plaintiff satisfied the redressability prong of standing. 369 S.W.3d at 159. Like the plaintiff in *Heckman*, Mr. Turnbull seeks injunctive relief against the government to prevent the government from continuing to violate his constitutional rights. *See* CR 31–33. Specifically, Mr. Turnbull requested injunctive relief for Appellees to re-open the grievances, investigate the grievances fairly, and provide Mr. Turnbull with a full, fair, and complete explanation of the decision—whatever decision—it makes. CR 31. Contrary to Appellees' insistence, such relief would not compel Appellees to make any prosecutorial decision. SBA Br. 16. Rather, Appellees would simply be required to comply with the law as it is already written, which they failed to do.

Without relief from a federal or state court, Mr. Turnbull would be left with no forum to seek redress for Appellees' unconstitutional weaponization of the attorney discipline system—a fact recently acknowledged by Chief Justice Blacklock:

11

> It is, therefore, absolutely essential that the ***State Bar remain completely politically neutral in everything it does***, both as a matter of substance and as a matter of the perception that its actions give to people on ***both sides of the aisle***. The Supreme Court will accept nothing less from the State Bar, and we expect the Bar to live up to that high standard.

Chief Justice James Blacklock, STATE OF THE JUDICIARY, https://www.youtube.com/watch?v=MRsf5Vz4M-c (Feb. 26, 2025) (emphasis added). Because injunctive relief would remedy the constitutional harms Appellees caused Mr. Turnbull, Mr. Turnbull has satisfied the redressability prong of standing.

**D.      Appellees misplace reliance on *Linda R.S., Martinez*, and *Lefebure*.**

To all this, Appellees largely defer to three federal cases: *Linda R.S.*, *Martinez*, and *Lefebure*. But the holdings in those cases are based on facts easily distinguishable from those presented here, and thus, the Court should decline to follow them.

First, Appellees cherry-pick 52-year-old dicta from *Linda R.S. v. Richard D.* to support their arguments. *See* Hodgkins Br. 13; SBA Br. 11–13; CFLD Br. 41, 43. At issue was whether a mother had standing to force a district attorney to initiate a criminal prosecution against her child's father for failure to pay child support. *Linda R.S. v. Richard D.*, 410 U.S. 614, 614 (1973). The U.S. Supreme Court held that the mother lacked standing because she "failed to allege a sufficient nexus between her injury and the government action which she attacks to justify judicial intervention." *Id*. at 617–18. This was because she "made no showing that her failure to secure

12

support payments"—the injury-in-fact she claimed—"results from the nonenforcement, as to her child's father." *Id*. at 618. And that was because the statute created a completed offense with a fixed penalty, so "if appellant were granted the requested relief, it would result only in the jailing of the child's father." *Id*. After announcing this holding, the court added in language best understood as elaboration, if not outright dicta,[1] that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Id*. at 619.

Unlike the plaintiff in *Linda R.S.*, Mr. Turnbull ***does not seek to compel the prosecution*** of Microsoft's attorneys. Rather, Mr. Turnbull seeks only to require Appellees to follow the procedures and the law they are required to follow. CR 31–33. Further, unlike in *Linda R.S.*, Mr. Turnbull's requested relief would ***actually remedy*** his injuries.

Second, Appellees rely on the Fifth Circuit's unpublished opinion[2] in *Martinez*. *See* Hodgkins Br. 13; SBA Br. 13–14, 16, 32; CFLD Br. 41, 43, 51, 68. In *Martinez*, after the State Bar allowed a convicted criminal's defense attorney to file a late response to his grievance, the convicted criminal sued the State Bar, alleging

---

[1] Five years later, the U.S. Supreme Court made clear that *Linda R.S.* was a redressability decision, noting that "standing was denied not because of the absence of a subject-matter nexus between the injury asserted and the constitutional claim, but instead because of the unlikelihood that the relief requested would redress appellant's claimed injury." *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 79 n.24 (1978).

[2] Unpublished Fifth Circuit opinions "are not precedent, except under the doctrine of res judicata, collateral estoppel or law of the case (or similarly to show double jeopardy, notice, sanctionable conduct, entitlement to attorney's fees, or the like)." 5TH CIR. R. 47.5.4.

13

that had the State Bar not done so, the attorney would have been found guilty of professional misconduct and would have resulted in his conviction being overturned. *Martinez v. State Bar of Tex.*, 797 Fed. Appx. 167, 167–68 (5th Cir. 2020) (unpublished). The Fifth Circuit ultimately held that the convicted criminal, acting *pro se*, lacked standing because he failed to point to any statutory or constitutional provision preventing the State Bar from allowing and considering a late response. *Id.* at 167.

Unlike the plaintiff in *Martinez*, who made broad and vague assertions of constitutional harm, Mr. Turnbull has ***identified specific statutory provisions*** that Appellees willfully refused to follow, resulting in constitutional harm to Mr. Turnbull. Furthermore, unlike the plaintiff in *Martinez*, who speculatively claimed his conviction would have been overturned had the State Bar prosecuted his attorney, Mr. Turnbull ***does not complain of the prosecutorial outcome*** but, rather, Appellees' willful refusal to follow the requisite procedures and the law.

Finally, Appellees rely on the Fifth Circuit's opinion in *Lefebure*. *See* Hodgkins Br 12; 11–12, 14–16; CFLD Br. 43. There, the plaintiff sued the local district attorney to compel him to investigate and prosecute the man who sexually assaulted her for his crimes. *Lefebure v. D'Aquilla*, 15 F.4th 650, 651–52 (5th Cir. 2021). The Fifth Circuit, relying on the above-identified dicta in *Linda R.S.*, held that the plaintiff lacked standing because she did not have "a legally cognizable

14

interest in how **others**," such as her rapist, are treated by the government. *Id.* (emphasis in original).

That holding was controversial. It resulted in a forceful dissent, which distinguished failure-to-prosecute claims (for which plaintiffs lack standing) from claims of failure to protect, an independent equal protection violation. *Id*. at 664 (Graves, J., dissenting). In the dissent's view, the plaintiff "articulate[d] a failure-to-protect injury that we have recognized for at least twenty years—and one that invokes the original concerns of the Equal Protection Clause." *Id*. at 668 (Graves, J., dissenting).

Even accepting the rule in *Lebefure* for purposes of resolving this appeal, its holding is still distinguishable. Unlike the plaintiff in *Lefebure*, Mr. Turnbull ***does not seek to compel the prosecution of Microsoft's attorneys***. *See* CR 31–33. Moreover, while the relief requested by the plaintiff in *Lefebure* would not have redressed her injuries , ***Mr. Turnbull's relief would redress his injuries*** because it is Appellees' failure to follow the requisite procedures that caused his constitutional harms.

* * * * *

Because Mr. Turnbull (i) does not seek to compel the prosecution of Microsoft's attorneys, (ii) has identified specific statutory and constitution provisions Appellees violated, and (iii) has pointed to requested relief that would

15

simply require Appellees to follow their already-mandated authority, *Linda R.S.*, *Martinez*, and *Lefebure* are inapposite and should be distinguished by the Court. Surely Appellees do not contend that the Texas judiciary cannot compel state actors, like Appellees, to follow their clearly defined statutory and constitutional obligations.

## II. Mr. Turnbull's Claims Are Based in Both Law and Fact.

Though Appellees urge this Court to hold otherwise, Mr. Turnbull's claims are not baseless. A proceeding is baseless when it lacks an arguable basis in law or fact. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706 (Tex. 1990) (per curiam). In determining whether a claim is baseless, the Court must construe the pleadings liberally in favor of Mr. Turnbull, look to his intent, and accept as true the factual allegation in his pleadings to determine if his claims have a basis in law or fact. *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Because a reasonable person could believe Mr. Turnbull's allegations and his claims are not legally foreclosed, the district court erred in finding that Mr. Turnbull's suit is frivolous.

### A. A reasonable person could believe Mr. Turnbull's allegations.

Mr. Turnbull's claims lack a basis in law if "no reasonable person could believe the facts" that he pleaded. TEX. R. CIV. P. 91a.1; *Longhorn Creek Ltd. v. Gardens of Connemara Ltd.*, 686 S.W.3d 418, 425 (Tex. App.—Dallas 2024, pet.

16

filed). Irrelevant in this determination is whether Mr. Turnbull's claims are likely or outlandish. *Id.* (quoting *Drake v. Walker*, No. 05-14-00355-CV, 2015 WL 2160565, at *3 (Tex. App.—Dallas May 8, 2015, no pet.) (mem. op.)). This threshold is so low and, therefore, it "seldom rises to a point of contention in the case law." *Id.* at 425 (quoting *Davis v. Homeowners of Am. Ins. Co.*, No. 05-21-00092-CV, 2023 WL 3735115, at *2 (Tex. App.—Dallas May 31, 2023, no pet.)).

Mr. Turnbull has alleged that: (i) Appellee Brannon failed to disclose his conflict of interest and subsequently told Mr. Turnbull that the CDC placed his grievances on the summary disposition docket [CR 19]; (ii) Appellee Baldwin informed Mr. Turnbull that the summary disposition panel dismissed his grievances [CR 20]; (iii) Appellee Reynolds informed Mr. Turnbull that the CDC denies Mr. Turnbull's public information request regarding his grievances and their dismissal [CR 20]; (iv) Appellee Grosz informed Mr. Turnbull that the CDC dismissed his new grievances [CR 22]; (v) Appellee Hodgkins informed Mr. Turnbull that BODA affirmed the dismissal of his grievances, told Mr. Turnbull that BODA's decision was final and denied Mr. Turnbull his right to amend his grievances, in violation of the TRDP [CR 22]; (vi) Appellee Martinez returned Mr. Turnbull's amended grievances and informed Mr. Turnbull that he would not be permitted to amend or refile his grievances [CR 23]; and (vii) Appellees CDC and CFLD, including Appellee Willing, Appellee Brannon, and Appellee Kates, refused to provide Mr.

17

Turnbull his statutory right to an explanation as to why his grievances were dismissed, denied Mr. Turnbull his statutory right to amend or appeal his grievances, intentionally treated Mr. Turnbull differently than other similarly-situated complainants, and used the attorney discipline system to cloud in secrecy its arbitrary, capricious, and political decision making process [CR 25–27].

Appellees—and only Appellees—could have taken the actions alleged by Mr. Turnbull because Appellees are the very entities and actors charged with overseeing the attorney discipline system. Therefore, a reasonable person could believe Mr. Turnbull's allegations. Therefore, contrary to Appellees' insistence, Mr. Turnbull's claims have a basis in fact.

## B.  Mr. Turnbull's claims are not legally foreclosed.

Similarly, Mr. Turnbull's claims lack a basis in law only if his allegations taken as true, together with inferences reasonably drawn from them, do not entitle him to his requested relief. TEX. R. CIV. P. 91a.1. In other words, "the defendant must establish the plaintiff's claims are 'foreclose[d] as a matter of law." *Longhorn Creek Ltd.*, 686 S.W.3d at 426 (quoting *In re Shire PLC*, 633 S.W.3d 1, 18 (Tex. App.—Texarkana 2021, orig. proceeding [mand. denied])). However, if nothing in the pleadings "trigger a clear legal bar" to the claims, then the claims are not frivolous. *In re RNDC Tex., LLC*, No. 05-18-00555-CV, 2018 WL 27773262, at *1 (Tex. App.—Dallas June 11, 2018, no pet.) (mem. op.).

18

Mr. Turnbull's due course of law, equal protection, and open courts claims are not legally foreclosed as they are based on specific provisions of the Texas Constitution. First, Mr. Turnbull has alleged that Appellees failed to provide him a full explanation upon the dismissal of his grievances, as required by the State Bar Act, and did not allow Mr. Turnbull to amend his grievances as required by law. CR 20–27. Because Mr. Turnbull's allegations are based on article I section 19 of the Texas Constitution, which forbids Appellees, as an arm of the State, from depriving Mr. Turnbull of "life, liberty, property, privileges, or immunities" without "due course of the law of the land," TEX. CONST. art. I § 19, his due course of law claim is based in law.

Second, Mr. Turnbull has alleged that Appellees used the attorney discipline system to treat him differently from similarly situated complainants. CR 26–27. Because Mr. Turnbull's allegations are based on article I section 3 of the Texas Constitution, which forbids Appellees, as an arm of the State, from treating similarly situated persons differently, TEX. CONST. art. I § 3, Mr. Turnbull's equal protection claim is based in law.

Finally, Mr. Turnbull has alleged that Appellees failed to provide Mr. Turnbull a full explanation upon dismissal of his grievances, prohibited him from amending his grievances, and failed to ensure that the State Bar and its subsidiaries and actors followed their statutory and constitutional obligations. CR 20–27.

19

Because Mr. Turnbull's allegations are based on article I section 13 of the Texas Constitution, which forbids Appellees, as an arm of the State, from unreasonably restricting his access to the judicial system, TEX. CONST. art. I § 13, Mr. Turnbull's open courts claim is based in law.

Appellees argue that even if the Court were to let Mr. Turnbull to proceed to the next phase of litigation, he ultimately cannot prevail on his claims against them. However, at this stage in the litigation, Mr. Turnbull need not conclusively prove that he is entitled to recover on the merits of his claims. Rather, Mr. Turnbull need only show that his claims are not baseless or legally foreclosed. Because immunity does not bar his claims, as discussed *infra*, and because Mr. Turnbull's claims are based on Appellees' willful abridgement of specifically identified rights provided to Mr. Turnbull by the Texas Constitution, Mr. Turnbull's due course of law, equal protection, and open courts claims are based in law and should have survived Appellees' motions to dismiss in the trial court.

## III.   Immunity Does Not Bar Mr. Turnbull's Claims.

Sovereign immunity deprives a court of subject matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Though Appellees, as an arm of the State, are generally immune from suit, *Tex. Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011), sovereign immunity does not protect Appellees from a lawsuit for injunctive relief or where

20

the Legislature waived immunity. *Tex. Nat'l Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 853 (Tex. 2002); TEX. GOV'T CODE § 311.034; *Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 177 (Tex. 1994). Furthermore, absolute immunity does not bar Mr. Turnbull's claims because such immunity is inapplicable to the failure to perform ministerial acts within Appellees' scope of authority.

### A.     The Legislature waived immunity in the State Bar Act.

Sovereign immunity may be legislatively waived by "clear and unambiguous language." TEX. GOV'T CODE § 311.034; *Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 177 (Tex. 1994). The Legislature did so here in the State Bar Act by intentionally excluding Appellees from its grant of immunity.

Specifically, the Legislature expressly provided immunity to complainants, witnesses, and persons associated with the unauthorized practice of law committee. TEX. GOV'T CODE §§ 81.072, .106. Notably, this list ***excludes Appellees***. Additionally, no amount of wordplay by Appellees can skew the fact that the Legislature limited the indebtedness, liability, or obligation of the State Bar of Texas to the State Bar itself and not any other entity or state actors "other than the state bar." *Id.* § 81.107(a). Finally, the Legislature limited the liability of the State Bar of Texas to nonmonetary relief but otherwise allowed for relief in the form of declaratory and injunctive relief. *See id.* § 81.017(b).

21

Accordingly, the Legislature waived sovereign immunity as applied to Appellees and, contrary to Appellees' insistence otherwise, had the Legislature believed it necessary to clearly provide immunity to Appellees, the Legislature would have done so at any point over the last *85 years* of the State Bar Act's reign.

**B.     Sovereign immunity does not bar injunctive relief from constitutional harms.**

Even if the Court holds that the Legislature did not waive sovereign immunity for Appellees in the State Bar Act, Texas law is crystal clear that Appellees cannot avail themselves of sovereign immunity against claims for injunctive relief from constitutional harm. *Tex. Dep't of State Health Servs. v. Holmes*, 294 S.W.3d 328, 334 (Tex. App.—Austin 2009, pet. denied) ("Sovereign immunity does not shield a governmental entity from suit for equitable relief for a violation of constitutional rights"); *Tex. Nat'l Conservation Comm'n*, 74 S.W.3d at 853.

Contrary to Appellees' assertions, Mr. Turnbull *did* plead that Appellees are not entitled to sovereign immunity in this case because of his constitutional harms. CR 29. When a plaintiff alleges that a governmental entity or actor committed a constitutional violation, the proper focus is on whether the plaintiff has pleaded a facially viable claim, not whether the entity or actor performed a ministerial act. *Klumb v. Houston Mun. Emp. Pension Sys.*, 458 S.W.3d 1, 13 (Tex. 2015).

To be sure, had Mr. Turnbull sought monetary relief from Appellees' conduct, Appellees would have been able to avail themselves of sovereign immunity.

However, because Mr. Turnbull seeks injunctive relief and his claims are based in law and fact, as briefed *supra*, Appellees cannot avail themselves of sovereign immunity in this case.

## C.  Ministerial acts are not protected by absolute immunity.

When a state actor failed to perform a ministerial duty, as Appellees did here, absolute immunity does not apply. *Univ. of Houston v. Clark*, 38 S.W.3d 578, 580 (Tex. 2000). A ministerial act is one for which "the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 425 (Tex. 2004). The State Bar Act requires Appellees to provide complainants, like Mr. Turnbull, a "full explanation" upon the dismissal of their grievance. TEX. GOV'T CODE § 81.072(b). The State Bar Act requires Appellees to provide complainants, like Mr. Turnbull, the opportunity to amend their grievance. *Id.* § 81.073(b).

Importantly, the Legislature provided ***no discretion*** to Appellees on whether or not to provide this full explanation or to allow amendments to a grievance. Accordingly, Appellees' obligations to follow these provisions were ministerial and, therefore, not subject to immunity. Furthermore, Mr. Turnbull has alleged that Appellees acted outside the scope of their authority by, among other things, prohibiting Mr. Turnbull from amending his grievances, disallowing Mr. Turnbull

23

to amend his grievances, refusing to provide Mr. Turnbull a full explanation upon the dismissal of his grievances, and intentionally treating him different that other similarly situated complainants based on his political affiliation. CR 20–27. Appellees took these actions deliberately and outside the scope of their legal authority to do so. Therefore, Appellees cannot avail themselves of absolute immunity.

**D.** **Appellees are not entitled to immunity under the Texas Rules of Disciplinary Conduct.**

Appellees rely heavily on TRDP 17.09 to evade accountability for their lawlessness. That rule generally provides that Appellees are "immune from suit for any conduct in the course of their official duties." TEX. R. DISCIPLINARY P. 17.09. However, to determine whether such immunity applies in this case, this Court must look to the "nature of the function performed, not the identity of the actor performing it." *Crampton v. Farris*, 596 S.W.3d 267, 274 (Tex. App.—Houston [1st Dist.] 2019, no pet.). Furthermore, activities that are "intimately associated with the judicial phase of prosecution" may entitle a governmental entity or actor to immunity. *Id.*

Here, Mr. Turnbull has alleged that Appellees sued in their official capacity refused to provide Mr. Turnbull his statutory right to a "full explanation" of why his grievances were dismissed, denied Mr. Turnbull his statutory right to amend or appeal his grievances, intentionally treated Mr. Turnbull differently than other similarly-situated complainants, and used the attorney discipline to cloud in secrecy

24

its arbitrary, capricious, and political decision making process. CR 27–31. Importantly, all of these actions were taken during the just cause determination stage of the attorney disciplinary process, which is non-judicial and non-adversarial. TEX. R. DISCIPLINARY P. 1.06(W), 2.12. Because Mr. Turnbull's grievances were dismissed as part of a non-adversarial process, Appellees were not acting as part of the "judicial phase of prosecution."

Moreover, only the Legislature may grant absolute and unqualified immunity. This Court must "defer to the *Legislature* as the gatekeeper controlling when and how citizens can sue their state government or its officers for their official acts." *Bacon v. Tex. Historical Comm'n*, 411 S.W.3d 161, 173 (Tex. App.—Austin 2013, no pet.) (emphasis added). This is because the Legislature is in the best position to bestow absolute and unqualified immunity, not the judiciary.

Importantly, the apparent immunity provided by TRDP 17.09 was not granted by the Legislature but, instead, the Supreme Court. Though Mr. Turnbull has argued that the Supreme Court abridged the separation of powers doctrine by providing such immunity, Appellees have not—and cannot—point to any provision within the State Bar Act or any other statute that provides the same absolute and unqualified immunity to the entire State Bar, including Appellees. Accordingly, Appellees cannot reasonably hide behind a judicial rule to circumvent accountability for violating their statutory and constitutional obligations.

**IV. Alternatively, Mr. Turnbull should have the opportunity to replead.**

In her brief, Ms. Hodgkins argues that Mr. Turnbull should not be allowed to amend his pleadings if the Court were to affirm the trial court's determination that Mr. Turnbull's claims against her are barred by sovereign immunity. However, because any alleged defect could be cured on remand, Mr. Turnbull should be given the opportunity to do so.

When courts grant a plea to the jurisdiction based on sovereign immunity, courts allow the plaintiff the opportunity to replead if the defect can be cured. *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 623 (Tex. 2011); *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 840 (Tex. 2007) (plaintiff "deserves the opportunity to amend his pleadings if the defects can be cured"). Ms. Hodgkins inappropriately relies on *Koseoglu* to support her argument that Mr. Turnbull should not be given an opportunity to replead. Hodgkins Br. 32.

In *Koseoglu*, a state employee sued a state university system and other state defendants for breach of contract stemming from an employment dispute. *Koseoglu*, 233 S.W.3d at 838. The Supreme Court of Texas prevented the plaintiff from repleading to "cure the jurisdictional defect" based on sovereign immunity because the plaintiff's only argument against sovereign immunity—that the state defendants waived sovereign immunity by accepting benefits under the alleged employment contract—had been "consistently rejected" by the court. *Id.* at 840 (citations

26

omitted). Because no additional repleading would be able to overcome sovereign immunity for the plaintiff's breach of contract claim, remanding the case "would serve no legitimate purpose." *Id.*

By contrast, assuming, *arguendo*, that Mr. Turnbull's claims against Ms. Hodgkins are barred by sovereign and official immunity—which Mr. Turnbull vehemently denies—Mr. Turnbull's claims may be repleaded to cure such a pleading defect. Unlike in *Koseoglu*, Mr. Turnbull's claims are not wholly barred and may, if required, be repleaded. Ms. Hodgkins' immunity defense is based on her contention that Mr. Turnbull sued her "in her official capacity for conduct taken in the course of her official duties." Hodgkins Br. 29, 32. Even if the Court were to adopt Ms. Hodgkins' view, Mr. Turnbull's alleged failure to plead conduct taken outside Ms. Hodgkins' course of official duties is a ***factual*** defect, not a legal one (as in *Koseoglu*).

Because any defects in his petition may be cured by repleading, Mr. Turnbull should be afforded that opportunity.

## CONCLUSION & PRAYER

Whether Mr. Turnbull will ultimately prevail on the merits of his claims is a question appropriately reserved for the trial court in the first instance. It is not one that this Court can or should reach. *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 229 (Tex. 2008) ("A plaintiff does not lack standing simply because he cannot

27

prevail on the merits of his claim; he lacks standing because his claim of injury is too slight for a court to afford redress"). Rather, the Court need only decide whether the laws of the State of Texas provide Mr. Turnbull an ***opportunity*** to explore his claims through the discovery process.

Mr. Turnbull respectfully requests that this Court reverse each of the five orders of the district court, remand the proceedings for discovery and eventual resolution on the merits, and grant such other and further relief for which he may be entitled.

DATE: March 12, 2025

Respectfully submitted,

**WEST, WEBB, ALLBRITTON & GENTRY, P.C.**
1515 Emerald Plaza
College Station, Texas 77845
Telephone: (979) 694-7000
Facsimile: (979) 694-8000

By:     */s Gaines West*
        GAINES WEST
        State Bar No. 21197500
        gaines.west@westwebblaw.com
        JOHN "JAY" RUDINGER, JR.
        State Bar No. 24067852
        jay.rudinger@westwebblaw.com

        ~ AND ~

        JUDD E. STONE II
        State Bar No. 24076720
        judd@stonehilton.com
        **STONE HILTON PLLC**
        600 Congress Avenue, Suite 2350
        Austin, Texas 7870
        Telephone: (737) 465-3897

        **ATTORNEYS FOR APPELLANT**

29

## CERTIFCATE OF SERVICE

I certify that a copy of the foregoing document has been served on the following counsel of record on March 12, 2025.

Daniel J. Olds                          *Via E-File*
CLARK HILL PLC
901 Main Street, Suite 6000
Dallas, Texas 75202
dolds@clarkhill.com

Patrick W. Mizell                       *Via E-File*
VINSON & ELKINS LLP
845 Texas Avenue, Suite 4700
Houston, Texas 77002
pmizell@velaw.com

Royce LeMoine                           *Via E-File*
STATE BAR OF TEXAS
P.O. Box 12487, Capitol Station
Austin, Texas 78711
royce.lemoine@texasbar.com

**ATTORNEYS FOR APPELLEES**

*/s Gaines West*
GAINES WEST

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9.4(i)(3) of the Texas Rules of Appellate Procedure, I certify that the foregoing document complies with the word count limitation of Rule 9.4(i). It contains 6,535 total words, including any parts exempted by Rule 9.4(i)(1). In making this Certificate of Compliance, I am relying on the word count provided by Microsoft Word, the software used to prepare this document. This is a computer-generated document using Times New Roman 14-point font.

*/s Gaines West*
GAINES WEST

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Billy Hart on behalf of Gaines West
Bar No. 21197500
billy.hart@westwebblaw.com
Envelope ID: 98406586
Filing Code Description: Motion
Filing Description: Unopposed Motion for Leave to File Amended Reply to Appellees' Brief
Status as of 3/13/2025 9:35 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Pat Mizell | | pmizell@velaw.com | 3/13/2025 9:22:02 AM | SENT |
| Billy SHart | | billy.hart@westwebblaw.com | 3/13/2025 9:22:02 AM | SENT |
| Jay Rudinger | | jay.rudinger@westwebblaw.com | 3/13/2025 9:22:02 AM | SENT |
| David Kitner | 11541500 | dkitner@clarkhill.com | 3/13/2025 9:22:02 AM | SENT |
| Jadd Masso | 24041411 | jmasso@clarkhill.com | 3/13/2025 9:22:02 AM | SENT |
| Royce Lemoine | 24026421 | royce.lemoine@texasbar.com | 3/13/2025 9:22:02 AM | SENT |
| Richard Huntpalmer | 24097857 | Richard.Huntpalmer@texasbar.com | 3/13/2025 9:22:02 AM | SENT |
| Gaines West | 21197500 | gaines.west@westwebb.law | 3/13/2025 9:22:02 AM | SENT |
| John Rudinger | 24067852 | jay.rudinger@westwebblaw.com | 3/13/2025 9:22:02 AM | SENT |
| Judd Stone | 24076720 | Judd@stonehilton.com | 3/13/2025 9:22:02 AM | SENT |
| Daniel Olds | 24088152 | dolds@clarkhill.com | 3/13/2025 9:22:02 AM | SENT |
| Brooke Noble | | bnoble@velaw.com | 3/13/2025 9:22:02 AM | SENT |
| Michael Graham | 24113581 | Michael.Graham@TEXASBAR.COM | 3/13/2025 9:22:02 AM | SENT |
| Emily Bamesberger | | ebamesberger@velaw.com | 3/13/2025 9:22:02 AM | SENT |
| Justin B.Cox | | jbcox@clarkhill.com | 3/13/2025 9:22:02 AM | SENT |
| Gaines West | | gaines.west@westwebblaw.com | 3/13/2025 9:22:02 AM | SENT |

ACCEPTED
15-24-00095-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/13/2025 9:22 AM
CHRISTOPHER A. PRINE
CLERK

NO. 15-24-00095-CV

IN THE COURT OF APPEALS
FOR THE FIFTEENTH JUDICIAL DISTRICT
AUSTIN, TEXAS

EDWARD RANDOLPH TURNBULL IV,
*Appellant*,

V.

THE COMMISSION FOR LAWYER DISCIPLINE, ET AL.,
*Appellees*.

On Appeal from the 201st Judicial District Court of Texas
Cause No. D-1-GN-24-002025
The Honorable Amy Clark Meachum, Presiding

## ORDER GRANTING APPELLANT'S UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED REPLY TO APPELLEES' BRIEFS

ON THIS DAY came to be considered Appellant's Unopposed Motion for Leave to file Appellant's Amended Reply Brief to Appellees' Briefs ("Motion"). Having considered the Motion and the filings in this matter, the Court concludes that the Motion should be **GRANTED**.

**IT IS THEREFORE ORDERED** that Appellant's Motion is hereby **GRANTED.**

SIGNED on _____

_____
JUDGE PRESIDING

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Billy Hart on behalf of Gaines West
Bar No. 21197500
billy.hart@westwebblaw.com
Envelope ID: 98406586
Filing Code Description: Motion
Filing Description: Unopposed Motion for Leave to File Amended Reply to Appellees' Brief
Status as of 3/13/2025 9:35 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Pat Mizell | | pmizell@velaw.com | 3/13/2025 9:22:02 AM | SENT |
| Billy SHart | | billy.hart@westwebblaw.com | 3/13/2025 9:22:02 AM | SENT |
| Jay Rudinger | | jay.rudinger@westwebblaw.com | 3/13/2025 9:22:02 AM | SENT |
| David Kitner | 11541500 | dkitner@clarkhill.com | 3/13/2025 9:22:02 AM | SENT |
| Jadd Masso | 24041411 | jmasso@clarkhill.com | 3/13/2025 9:22:02 AM | SENT |
| Royce Lemoine | 24026421 | royce.lemoine@texasbar.com | 3/13/2025 9:22:02 AM | SENT |
| Richard Huntpalmer | 24097857 | Richard.Huntpalmer@texasbar.com | 3/13/2025 9:22:02 AM | SENT |
| Gaines West | 21197500 | gaines.west@westwebb.law | 3/13/2025 9:22:02 AM | SENT |
| John Rudinger | 24067852 | jay.rudinger@westwebblaw.com | 3/13/2025 9:22:02 AM | SENT |
| Judd Stone | 24076720 | Judd@stonehilton.com | 3/13/2025 9:22:02 AM | SENT |
| Daniel Olds | 24088152 | dolds@clarkhill.com | 3/13/2025 9:22:02 AM | SENT |
| Brooke Noble | | bnoble@velaw.com | 3/13/2025 9:22:02 AM | SENT |
| Michael Graham | 24113581 | Michael.Graham@TEXASBAR.COM | 3/13/2025 9:22:02 AM | SENT |
| Emily Bamesberger | | ebamesberger@velaw.com | 3/13/2025 9:22:02 AM | SENT |
| Justin B.Cox | | jbcox@clarkhill.com | 3/13/2025 9:22:02 AM | SENT |
| Gaines West | | gaines.west@westwebblaw.com | 3/13/2025 9:22:02 AM | SENT |